UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DEBORAH CARTER**

        **Plaintiff,**

v.                                            **CASE NO. 6:09-cv-1286-ORL-35GJK**

**ALBERT E. FORD II, P.A.,**
**and ALBERT E. FORD,**

        **Defendants.**
_____/

## FINAL JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff's Affidavit of Damages (Dkt. 27-1) and Plaintiff's Affidavit of Attorneys' Fees and Costs (Dkt. 27-2). On July 23, 2009, Plaintiff filed a Complaint (Dkt. 1) in this Court, alleging that Defendants did not compensate her for overtime hours worked as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq. (Dkt. 1 at ¶ 1.) The Court issued an Order on August 9, 2010, directing the Clerk to enter default judgment against the Defendants under Rule 55 of the Federal Rules of Civil Procedure and directing Plaintiff to submit proof of her damages in the form of affidavits. (Dkt. 25 at 3.) The Court further directed Defendants to file any response to the affidavits submitted by Plaintiff by September 13, 2010. (Dkt. 25 at 3.) The Clerk entered a default judgment against Defendants on August 10, 2010. (Dkt. 26.) Plaintiff submitted an Affidavit of Damages and an Affidavit of Attorneys' Fees and Costs on September 10, 2010. (Dkt. 27.) Defendants have filed

no response to Plaintiff's affidavits and the deadline for doing so has expired.

To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, Plaintiff must demonstrate that: (1) Defendants employed her; (2) Defendants are an enterprise engaged in interstate commerce covered by the FLSA; (3) Plaintiff actually worked in excess of a 40-hour workweek; and (4) Defendants did not pay overtime wages to Plaintiff.  Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).  Plaintiff's Complaint contains allegations that satisfy each of these elements and the defaulted Defendants are deemed to admit "the plaintiff's well-pleaded allegations of fact."  Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). (Dkt. 1 at 1-4)  As such, Plaintiff has established liability on the part of the Defendants for violations of the overtime provisions of the FLSA.

If the facts in a complaint are sufficient to establish liability, a court must conduct an inquiry to ascertain the amount of damages.  See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985).   Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts.  Id. at 1544.  A hearing is not necessary if sufficient evidence is submitted to support the request for damages.  United States v. Bauer, No. 6:09-cv-2123-Orl-31KRS, 2010 WL 1742083, at *2 (M.D. Fla. Apr. 12, 2010) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997)).

Pursuant to 29 U.S.C. § 216(b), any employer who violates the overtime

provisions of the FLSA shall be liable to the affected employees for the amount of their unpaid overtime compensation and for an additional amount as liquidated damages. 29 U.S.C. § 216(b); Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008). A district court generally awards a plaintiff liquidated damages that are equal in amount to actual damages, provided the employer does not establish it acted in good faith and under the reasonable belief that it was in compliance with the FLSA. Rodriguez, 518 F.3d at 1272.

Plaintiff filed her Affidavit of Damages on September 13, 2010. (Dkt. 27-1.) Plaintiff avers that she was hired by Defendants as a legal assistant and worked approximately thirty-three hours of overtime and but was paid $15.00 per hour, her standard hourly rate, rather than time and a half. (Dkt. 27-1 at ¶¶ 1-4.) The Affidavit of Damages also states that Defendants knowingly and intentionally failed to pay Plaintiff overtime and that she is entitled to liquidated damages. (Dkt. 27-1 at ¶ 5.) In sum, Plaintiff claims she is entitled to $500.00, which includes payment for 33 and one third hours worked at $7.50 per hour ($250.00), and an equal amount in liquidated damages ($250.00). (Dkt. 27-1 at ¶ 6.)

The Court finds that the defaulting Defendants have admitted that they failed to pay Plaintiff overtime for thirty-three and one third hours worked and that Plaintiff was employed at a rate of $15.00 per hour. The Court further finds that Defendants have proffered no evidence to suggest that the failure to compensate Plaintiff was in good faith or under the reasonable belief that Defendants were in compliance with the FLSA. Plaintiff is therefore entitled to $500.00 in damages.

With respect to Plaintiff's attorneys' fees and costs, the FLSA provides that a court "shall allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiff's Attorneys' Fees and Costs Affidavit states that counsel expended more than six hours prior to resolving the case with Defendants, but that counsel had agreed to reduce its fees and recover $500.00 during settlement discussions. (Dkt. 27-2 at ¶ 1.) Counsel further states that he has expended an additional 3.2 hours since the settlement at a rate of $300.00 per hour. (Dkt. 27-2 at ¶ 2.) Plaintiff therefore avers that the total fees owed amount to $1460.00. (Dkt. 27-2 at ¶ 3.) The Court finds this amount to be reasonable, and Defendants have not filed any objection thereto. Accordingly, Plaintiff is entitled to $1460.00 in attorneys' fees and costs as a prevailing party under the FLSA.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff shall recover damages pursuant to 29 U.S.C. § 216(b) from Defendants Albert E. Ford II, P.A., and Albert E. Ford, jointly and severally, in the amount of **$500.00 for unpaid overtime wages and liquidated damages** and **$1460.00 for attorneys' fees and costs**, which sums shall bear interest at the statutory rate until paid, for which sums let execution issue.

**DONE** and **ORDERED** in Orlando, Florida this 22nd day of December 2010.

/s/ Mary S. Scriven
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record